Case 4:17-cv-03166   Document 20   Filed on 06/10/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TENILLE CROSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.17-3166 |
| | § | |
| KEVIN K. MCALEENAN,[1] | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendant's Motion for Summary Judgment (Doc. 16) and the response and reply filed thereto. For the reasons discussed below, it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Case Background[2]

Plaintiff is an African-American woman who has worked as an Immigration Enforcement Agent for Immigration and Customs Enforcement, an agency within the Department of Homeland Security since September 2008.[3] Her duties were to enforce customs and immigration laws, manage facility transfers and apprehend, process, detain and deport those persons illegally in the United States.[4]

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Secretary of Homeland Security Kevin K. McAleenan has been substituted for Kirstjen Nielsen.

[2] As Defendant attached no summary judgment evidence to its motion, the court takes the operative facts from Plaintiff's Original Complaint.

[3] See Doc. 1, Pl.'s Orig. Compl. pp. 1-2.

[4] See id. p. 3.

In 2013, Plaintiff requested a shift reassignment based on her husband's medical condition that required her to provide medical care and transportation to the doctor.[5]  In response to her request, in December 2013, Plaintiff was reassigned to the 8 a.m. to 4 p.m. shift at the Houston Contract Facility.[6]  This was a desirable shift assignment.[7]  After another agent protested that Plaintiff did not have sufficient seniority to work the day shift, Plaintiff avers, she confirmed that the collective bargaining agreement did not allow for a seniority preference on work assignments.[8]

At an unspecified time thereafter,[9] Plaintiff's employer returned Plaintiff to the evening shift and gave the day shift slot to Christopher Smith, a male.[10]  Plaintiff alleges that this reassignment to the evening shift violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973, 29 U.S.C. § 794.[11]  She seeks lost wages, front pay, mental anguish and damages to her credibility and

---

[5]    See id.

[6]    See id.

[7]    See id.

[8]    See id.

[9]    In its motion for summary judgment, Defendant states that the shift change occurred in April 2015, when Plaintiff was reassigned to the 2:00 p.m. to 10 p.m. shift. See Doc. 16, Def.'s Mot. for Summ. J. p. 2.  This does not appear to be a disputed fact.

[10]   See Doc. 1, Pl.'s Orig. Compl. p. 3.

[11]   See id. p. 4.

future employability.[12]

## II.   Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

   The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must

---

[12]   See id. pp. 4-5.

3

respond with evidence showing a genuine factual dispute.  Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)).  The court must accept all of the nonmovant's evidence as true and draw all justifiable inferences in her favor.  Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 505 (5th Cir. 2014)(quoting Anderson, 477 U.S. at 255).

### III.  Analysis

Defendant moves for summary judgment on the ground that Plaintiff cannot state a claim for relief under Title VII because she was not subjected to a adverse employment action.  Alternatively, Defendant argues that Plaintiff failed to establish that Smith, the male who was reassigned to Plaintiff's day shift slot, was a similar comparator for purposes of Title VII's disparate treatment analysis.  Finally, Defendant argues that Plaintiff may not premise a violation of the Rehabilitation Act on her husband's disabling condition.

**A.  Title VII**

Title VII prohibits employers from "discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

In the absence of direct evidence, courts analyze discrimination claims under the burden-shifting approach first

articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004). Under this "modified McDonnell Douglas approach," a plaintiff may trigger a presumption of discrimination by establishing a prima facie case. Rachid, 376 F.3d at 312.

A prima facie case of discrimination requires the plaintiff to show that she: 1) is a member of a protected class; 2) was qualified for her position; 3) suffered an adverse employment action; and 4) was replaced by someone who is not a member of the protected class to which the plaintiff belongs or was treated less favorably than similarly situated employees of a different class. See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001)(addressing race discrimination claim). Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case. See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005), cert. denied, 413 U.S. 471 (2006); Okoye, 245 F.3d at 513. "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." Bryant, 413 F.3d at 478.

**1. Adverse Employment Action - Shift Reassignment**

In this circuit, an adverse employment action includes "only ultimate employment decisions such as hiring, granting leave,

discharging, promoting or compensating." McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). A shift change has been found to be not an ultimate employment action redressable by Title VII. See Hernandez v. Sikorsky Support Svs., Inc., 495 F. App'x 435, 438 (5th Cir. 2012)(unpublished)(holding that a shift change without an objective showing of a loss in compensation, duties or benefits was not an adverse employment action); Benningfield v. City of Houston, 157 F.3d 369, 377 (5th Cir. 1998)(transferring employee to the night shift was not an ultimate employment action where duties, pay, and benefits remained the same).

In light of the above, Plaintiff's citation to out-of-circuit case law is neither applicable nor informative. The court concludes that Plaintiff's subjective preference for the day shift cannot transform a shift change into an ultimate employment action. Without an ultimate employment action, Plaintiff's prima facie case of discrimination fails.

Because the court finds that Plaintiff cannot make out a prima face case of discrimination based on the shift change, it need not reach Defendant's alternative arguments that Christopher Smith was not a similarly situated comparator or that Defendant had a legitimate, non-discriminatory reason for Plaintiff's reassignment

to another shift.[13]

## B. Rehabilitation Act

Defendant argues that Plaintiff cannot premise a claim under the Rehabilitation Act on her husband's alleged disabled condition. In support, Defendant cites to two administrative decisions of the Equal Employment Opportunity Commission from 1992 and 1993, but fails to attach the decisions or make any argument why those decisions should influence the court.  Plaintiff failed to respond to Defendant's motion on this ground and appears to have abandoned her claim under the Rehabilitation Act.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

A claim for violation of Section 504 must establish that: (1) the plaintiff is an individual with a disability; (2) that [s]he was otherwise excluded from participation in or denied benefits of certain services, programs or activities; (3) [s]he worked for a program or activity that received federal financial assistance; and

---

[13] The court notes that if Defendant had wished the court to consider these alternative grounds for summary judgment, it should have supported these contentions with competent summary judgment evidence in its opening brief.  The affidavit and emails attached as an afterthought to its reply brief are factually inadequate to support a conclusion that Plaintiff was reassigned from the day shift because a more senior officer wanted her day shift slot.

7

(4) [s]he was discriminated against solely because of [her] disability.  See Melton v. Dallas Area Rapid Transit, 391 F.3d 669, 676 n.8 (5th Cir. 2004)(citing Brown v. Sibley, 650 F.2d 760, 769 (5th Cir. 1981)).

Here, Plaintiff makes no claim of disability.[14] Plaintiff has failed to defend her claim under the Rehabilitation Act as a matter of law or fact.  Accordingly, it should be dismissed.

## IV.  Conclusion

In light of the foregoing, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers

---

[14] The Americans With Disabilities Act, 42 U.S.C. § 12112(b)(4), does prohibit "associational discrimination."  Even if Plaintiff were permitted to amend her complaint to make such an allegation, this claim has not been recognized by the Fifth Circuit.  See Ballard v. Jackson State Univ., 62 F. Supp.3d 549, 553 (S.D. Miss. 2014)(cautioning that the Fifth Circuit has not explicitly recognized a cause of action under the ADA based on association with a handicapped individual). Also, there is no evidence in the record that Plaintiff's shift reassignment was due to her husband's disability.

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 10th day of June, 2019.

Nancy K. Johnson
United States Magistrate Judge